GREEN T. McGUIRE, plaintiff in error, vs. ELIZA WAGNON et al., defendants in error.

A warranty deed to land is not a "like instrument" with promissory notes, and therefore the indorsers thereof cannot be sued in the same action with the maker, and the trial be had in the county of the residence of the latter, irrespective of where the former reside.

Actions. Deeds. Indorsement. Venue. Before Judge UNDERWOOD. Haralson Superior Court. March Term, 1877.

Reported in the decision.

WILLIAM J. HEAD, by JACKSON & LUMPKIN, for plaintiff in error.

W. W. & G. W. MERRELL, by Z. D. HARRISON, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiff against Geo. H. Palmer, as maker, of said county, and Eliza Wagnon, of

the state of Texas, Evaline Harber, Assenith Walton, G. H. Palmer, Jr., of the state and county first aforesaid, and R. A. Adams and G. W. Adams, of the county of Fulton, as indorsers, to recover the sum of $1,700.00, on a warranty deed made and executed by George H. Palmer on the 25th of February, 1871, conveying to McGuire, the plaintiff, a certain described tract of land in Haralson county, for and in consideration of the sum of $1,700.00 paid to him. The plaintiff alleges that in consideration of the sum of $200.00 paid by said Palmer out of the money he received from the plaintiff for the said land, to each of the defendants sued as indorsers, that they made the following indorsement which appears on the back of said deed, to-wit:

"We, the heirs of G. H. Palmer, indorse the within deed. [Signed]    "ELIZA WAGNON [L.S.]"

and by the other five indorsers in the same manner, but their signatures were not attested by any witness. The plaintiff alleges that he has been evicted from said land, and the defendants refuse to indemnify him, wherefore he brings his suit, etc. When the case was called for trial, the defendants made a motion to dismiss the suit as to the indorsers upon the ground that they could not be sued in the same action with the maker of the deed, in Haralson county, which motion the court sustained, whereupon the plaintiff excepted. The constitution of 1868 declares that, "Suits against the maker and indorser of promissory notes, or other like instruments, residing in different counties, shall be tried in the county where the maker resides." In our judgment, a warranty deed for title to land, is not a "like instrument" with promissory notes, and therefore the indorsers thereof cannot be sued in the same action with the maker of the deed and in the county where he resides, under the constitution and laws of this state.

Let the judgment of the court below be affirmed.